**JONATHAN D. WINTERS, State Bar No. 213700**
**Law Office of Jonathan D. Winters**
2750 Bellflower Blvd., Suite 101
Long Beach, California 90815
Phone: (562) 497-0472
Fax: (562) 497-0474

**Attorney for Plaintiff Paul Sinclair**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **PAUL SINCLAIR**<br><br>Plaintiff,<br><br>vs.<br><br>**CSCDA COMMUNITY IMPROVEMENT AUTHORITY; GREYSTAR REAL ESTATE PARTNERS, LLC; OCEANAIRE APARTMENTS; COLUMBIA DEBT RECOVERY LLC dba GENESIS. and DOES 1 through 50, inclusive,**<br><br>Defendant(s). | **Case No.: 2:25-cv-08116-GW-MBK**<br><br>**PLAINTIFF'S ANSWER TO DEFENDANTS COUNTER CLAIM; AFFIRMATIVE DEFENSES** |

1. Plaintiff and Counter-Defendant PAUL SINCLAIR ("Sinclair"), by and through his attorney of record, Jonathan Winters, Esq., hereby answers the Counterclaim filed by Counterclaimants CSCDA COMMUNITY IMPROVEMENT AUTHORITY and OCEANAIRE APARTMENTS (collectively "Counterclaimants") as follows:

## I. GENERAL DENIAL

2. Pursuant to Federal Rule of Civil Procedure 8(b), Sinclair denies each and every allegation contained in the Counterclaim, except those allegations expressly admitted herein. Any allegation not specifically admitted is hereby denied.

## II. SPECIFIC RESPONSES TO COUNTERCLAIM ALLEGATIONS

### JURISDICTION AND VENUE

3. Answering Paragraph 1 of the Counterclaim, Sinclair denies that this Court has supplemental jurisdiction over the Counterclaim because the Counterclaim seeks to collect a debt that was legally extinguished by court order and therefore fails to state a cognizable claim upon which relief can be granted. To the extent this paragraph contains legal conclusions, no response is required.

4. Answering Paragraph 2 of the Counterclaim, this paragraph contains only legal conclusions to which no response is required. To the extent a response is required, Sinclair admits that this action was removed from Los Angeles Superior Court.

### PARTIES

5. Answering Paragraph 4 of the Counterclaim, Sinclair admits that CSCDA is a California public agency and admits that CSCDA owns or owned the property at 150 W. Ocean Boulevard, Long Beach, CA. Sinclair is without sufficient knowledge or information to form a belief as to the truth of the remaining

allegations and therefore denies them.

6. Answering Paragraph 5 of the Counterclaim, Sinclair admits he is an individual who resided at the property known as Oceanaire Apartments from April 2023 through September 2023. Sinclair denies the remaining allegations.

## GENERAL ALLEGATIONS

7. Answering Paragraph 6 of the Counterclaim, Sinclair admits he entered into a Lease Contract dated April 19, 2023 with CSCDA for a unit at the property. Sinclair denies the remaining allegations in this paragraph.

8. Answering Paragraph 7 of the Counterclaim, Sinclair admits the monthly rent stated in the Lease Contract was $3,600 per month. Sinclair denies that any such rent was due and owing because Counterclaimants materially breached the Lease Contract and the implied warranty of habitability, excusing Sinclair's performance. Sinclair further denies any obligation to pay rent given the vacation of the judgment entered in Los Angeles Superior Court Case No. 23STUD06726.

9. Answering Paragraph 8 of the Counterclaim, Sinclair denies the allegations in their entirety. Sinclair's alleged non-payment of rent was excused by Counterclaimants' material breaches of the Lease Contract, breaches of the implied warranty of habitability, and other violations of law.

10. Answering Paragraph 9 of the Counterclaim, Sinclair denies the allegations in

their entirety. Sinclair specifically denies owing any amount to Counterclaimants.

11. On April 26, 2024, the Los Angeles Superior Court vacated the judgment entered on March 18, 2024 in Case No. 23STUD06726, which judgment purported to establish Sinclair's rent obligations. The vacation of that judgment rendered it void ab initio, extinguishing any debt obligation it purported to establish. Cruz v. Fagor America, Inc., 146 Cal. App. 4th 488, 495 (2007). Counterclaimants' attempt to collect this extinguished debt through the instant Counterclaim is legally improper and constitutes a violation of the Fair Debt Collection Practices Act.

12. Answering Paragraph 10 of the Counterclaim, Sinclair denies the allegations in their entirety. At all relevant times, Counterclaimants materially breached the Lease Contract and failed to comply with applicable provisions of California law, including Civil Code sections 1941, 1942, and 1950.5.

**FIRST CAUSE OF ACTION: BREACH OF CONTRACT**

13. Answering Paragraph 11 of the Counterclaim, Sinclair incorporates by reference his responses to Paragraphs 1-12 above.

14. Answering Paragraph 12 of the Counterclaim, Sinclair admits that he and CSCDA were parties to the Lease Contract dated April 19, 2023. Sinclair denies the remaining allegations.

15. Answering Paragraph 13 of the Counterclaim, Sinclair denies the allegations in

their entirety. Counterclaimants materially breached the Lease Contract by:

a. Failing to maintain the premises in a habitable condition;

b. Failing to make necessary repairs despite notice;

c. Breaching the implied warranty of habitability;

d. Breaching the covenant of quiet enjoyment;

e. Engaging in retaliatory conduct;

f. Failing to return Sinclair's security deposit as required by law;

g. Turning Sinclair over to debt collection agencies for void debt; and

h. Other violations of the Lease Contract and applicable law.

16. Answering Paragraph 14 of the Counterclaim, Sinclair denies the allegations in their entirety. Sinclair did not breach the Lease Contract. To the extent Sinclair withheld rent, such withholding was legally justified by Counterclaimants' material breaches. Moreover, the debt alleged in the Counterclaim appears to be the same debt that was the subject of a judgment entered on March 18, 2024 in Los Angeles Superior Court Case No. 23STUD06726, which judgment was vacated by court order on April 26, 2024. The vacation of that judgment extinguished any obligation to pay the alleged debt. Counterclaimants cannot resurrect this extinguished debt through the instant Counterclaim.

17. Answering Paragraph 15 of the Counterclaim, Sinclair denies the allegations in

their entirety. Counterclaimants have not suffered any damages as a result of Sinclair's conduct. Any alleged damages were caused by Counterclaimants' own breaches of contract, breaches of warranty, and violations of law. Sinclair is not liable for attorney's fees because Counterclaimants' claim is legally baseless, constitutes an attempt to collect void debt, and violates the Fair Debt Collection Practices Act.

## PRAYER FOR RELIEF

18. Answering Paragraphs 16-19 of the Counterclaim, these paragraphs contain only requests for relief to which no response is required. To the extent a response is required, Sinclair denies that Counterclaimants are entitled to any relief whatsoever. Sinclair affirmatively alleges that Counterclaimants' Counterclaim should be dismissed with prejudice, and that Sinclair should be awarded his costs and attorney's fees incurred in defending against this improper Counterclaim.

## III. AFFIRMATIVE DEFENSES

19. Counter-Defendant asserts the following affirmative defenses to Counterclaimants' Counterclaim. Counter-Defendant reserves the right to assert additional affirmative defenses as discovery progresses.

### FIRST AFFIRMATIVE DEFENSE
### (Vacated Judgment -- No Enforceable Obligation)

20. On March 18, 2024, a stipulated judgment was entered in Los Angeles Superior

Court Case No. 23STUD06726 regarding the same rental obligations alleged in the Counterclaim. On April 26, 2024, the Los Angeles Superior Court vacated that judgment. Under California law, a vacated judgment is void ab initio and creates no enforceable obligation. Cruz v. Fagor America, Inc., 146 Cal. App. 4th 488, 495 (2007); People v. American Contractors Indemnity Co., 33 Cal. 4th 653, 661 (2004). The Counterclaim seeks to collect the same debt that was extinguished by the vacation of the judgment. Counterclaimants have no legal basis to collect this void debt, and the Counterclaim fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**
**(Res Judicata // Claim Preclusion)**

21. The Los Angeles Superior Court previously adjudicated the rental obligations that are the subject of this Counterclaim in Case No. 23STUD06726. The court's vacation of the judgment constituted a final determination that no enforceable obligation exists. Counterclaimants are barred by the doctrine of res judicata from relitigating the same claim in this federal action. The Counterclaim is therefore precluded.

**THIRD AFFIRMATIVE DEFENSE**
**(Failure to State a Claim)**

22. The Counterclaim fails to state a claim upon which relief can be granted because it seeks to enforce a legally void obligation. A vacated judgment creates no

rights and cannot serve as the basis for a breach of contract claim. Federal Rule of Civil Procedure 12(b)(6).

**FOURTH AFFIRMATIVE DEFENSE**
**(Breach of Implied Warranty of Habitability)**

23. During Sinclair's tenancy, the premises suffered from substantial defects affecting habitability, including but not limited to:

a. Plumbing defects and water damage;

b. Inadequate heating and cooling;

c. Electrical hazards;

d. Pest infestation;

e. Mold and moisture intrusion;

f. Inadequate security; and

g. Other conditions rendering the premises uninhabitable.

24. Counterclaimants breached the implied warranty of habitability under California Civil Code sections 1941 and 1941.1. This breach excused Sinclair's obligation to pay the full contract rent. Green v. Superior Court, 10 Cal. 3d 616 (1974); Hinson v. Delis, 26 Cal. App. 3d 62 (1972). Any rent allegedly owed must be reduced by the diminished rental value of the uninhabitable premises.

**FIFTH AFFIRMATIVE DEFENSE**
**(Breach of Contract by Counterclaimants)**

25. Counterclaimants materially breached the Lease Contract by:

a. Failing to maintain the premises in a habitable condition;

b. Failing to make necessary repairs after receiving notice;

c. Failing to provide essential services required by the lease;

d. Interfering with Sinclair's quiet enjoyment of the premises;

e. Engaging in unlawful collection practices; and

f. Other material breaches of the Lease Contract.

These breaches by Counterclaimants excused Sinclair's performance under the Lease Contract and preclude recovery on the Counterclaim. California Civil Code § 1511.

**SIXTH AFFIRMATIVE DEFENSE**
**(Breach of Covenant of Quiet Enjoyment)**

26. Counterclaimants breached the implied covenant of quiet enjoyment by:

a. Failing to address serious habitability defects;

b. Interfering with Sinclair's use and enjoyment of the premises;

c. Engaging in harassing collection practices;

d. Reporting false information to credit agencies;

e. Pursuing unlawful eviction proceedings; and

f. Other conduct that substantially interfered with Sinclair's tenancy.

This breach excused Sinclair's obligation to pay rent and provides a complete defense to the Counterclaim. Andrews v. Mobile Aire Estates, 125 Cal. App. 4th 578 (2005).

**SEVENTH AFFIRMATIVE DEFENSE**
**(Setoff -- Security Deposit)**

27. Counterclaimants unlawfully withheld Sinclair's security deposit in the amount of $2,850.00 in violation of California Civil Code section 1950.5. Sinclair is entitled to offset any alleged rent obligation by the amount of the wrongfully withheld security deposit, plus statutory damages of twice the security deposit amount ($5,700.00) under Civil Code section 1950.5(l). The total offset amount is $8,550.00, which exceeds or substantially reduces any alleged debt.

**EIGHTH AFFIRMATIVE DEFENSE**
**(Setoff -- Damages for Counterclaimants' Breaches)**

28. Sinclair suffered substantial damages as a result of Counterclaimants' breaches of the Lease Contract, breaches of warranty, and violations of law, including but not limited to:

a. Reduced rental value due to uninhabitable conditions;

b. Damage to personal property;

c. Costs to obtain substitute housing;

d. Emotional distress;

e. Damage to credit rating;

f. Lost housing opportunities;

g. Costs and attorney's fees defending unlawful collection practices; and

h. Other consequential damages.

These damages provide a complete or partial offset to any amount claimed in the Counterclaim. California Civil Code § 1951.2.

**NINTH AFFIRMATIVE DEFENSE**
**(Retaliatory Eviction)**

29. Counterclaimants' pursuit of unpaid rent claims and eviction proceedings constituted unlawful retaliation under California Civil Code section 1942.5 because Sinclair:

a. Complained about uninhabitable conditions;

b. Requested necessary repairs;

c. Exercised his rights under the warranty of habitability;

d. Contacted local housing authorities; and

e. Asserted his legal rights as a tenant.

The Counterclaim is barred by Civil Code section 1942.5, which prohibits landlords from seeking to recover possession or increase rent in retaliation for a tenant's exercise of legal rights. The same prohibition applies to collection efforts for alleged rent arrearages that were excused by habitability breaches.

**TENTH AFFIRMATIVE DEFENSE**
**(Violation of Fair Debt Collection Practices Act)**

30. The Counterclaim constitutes an attempt to collect a debt that Counterclaimants know or should know does not exist, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. Specifically:

a. The debt was extinguished by vacation of the judgment (15 U.S.C. § 1692e(2)(A));

b. The Counterclaim falsely represents the character and legal status of the debt (15 U.S.C. § 1692e(2)(A), (8));

c. The Counterclaim threatens legal action that cannot legally be taken (15 U.S.C. §1692e(5));

d. The Counterclaim constitutes unfair or unconscionable collection means (15 U.S.C. § 1692f); and

e. The Counterclaim violates multiple provisions of the FDCPA.

These violations provide a complete defense to the Counterclaim and entitle Sinclair to statutory damages, actual damages, and mandatory attorney's fees. The filing of this Counterclaim for void debt demonstrates bad faith and justifies enhancement of attorney's fees.

**ELEVENTH AFFIRMATIVE DEFENSE**
**(Estoppel)**

31. Counterclaimants are estopped from asserting the Counterclaim because:

a. Counterclaimants stipulated to entry of judgment in state court;

b. Counterclaimants agreed to or acquiesced in vacation of that judgment;

c. The vacation of the judgment extinguished the debt;

d. Counterclaimants' conduct induced Sinclair to rely on the finality of the vacation; and

e. Sinclair detrimentally relied on the vacation of the judgment.

Having agreed to or accepted the vacation of the judgment, Counterclaimants cannot now resurrect the extinguished debt.

**TWELFTH AFFIRMATIVE DEFENSE**
**(Waiver)**

32. Counterclaimants waived any right to collect the debt alleged in the Counterclaim by:

a. Stipulating to entry of judgment in state court;

b. Failing to oppose or accepting the vacation of that judgment;

c. Allowing the vacation order to become final;

d. Failing to appeal the vacation order;

e. Failing to seek relief from the vacation; and

f. Other conduct inconsistent with an intent to pursue collection.

**THIRTEENTH AFFIRMATIVE DEFENSE**
**(Unclean Hands)**

33. Counterclaimants come to this Court with unclean hands because they:

a. Maintained the premises in an uninhabitable condition;

b. Failed to make necessary repairs despite notice;

c. Unlawfully withheld Sinclair's security deposit;

d. Reported false information to credit agencies;

e. Engaged in unlawful debt collection practices;

f. Attempted to collect legally void debt;

g. Violated the Fair Debt Collection Practices Act; and

h. Filed this Counterclaim in bad faith to collect extinguished debt.

The doctrine of unclean hands bars Counterclaimants' recovery.

**FOURTEENTH AFFIRMATIVE DEFENSE**
**(Failure to Mitigate Damages)**

34. To the extent Counterclaimants suffered any damages (which is denied), Counterclaimants failed to mitigate such damages by:

a. Failing to re-rent the premises promptly;

b. Failing to apply the security deposit to alleged rent arrearages;

c. Pursuing collection on void debt rather than seeking lawful remedies; and

d. Other failures to minimize damages

**FIFTEENTH AFFIRMATIVE DEFENSE**
**(No Damages)**

35. Counterclaimants have suffered no damages as a result of Sinclair's conduct. Any alleged loss of rent was caused by Counterclaimants' own breaches of the Lease Contract and violations of law. Moreover, Counterclaimants retained Sinclair's $2,850.00 security deposit, which should have been applied to any legitimate rent arrearages.

**SIXTEENTH AFFIRMATIVE DEFENSE**
**(Bad Faith Filing -- Rule 11)**

36. The Counterclaim was filed in bad faith and may violate Federal Rule of Civil Procedure 11 because:

a. It seeks to collect legally void debt;

b. It is not warranted by existing law;

c. The factual allegations lack evidentiary support;

d. It is presented for an improper purpose (harassment and collection of void debt); and

e. Counterclaimants knew or should have known the claim was legally baseless.

Sinclair reserves the right to seek sanctions under Rule 11 and his reasonable attorney's fees incurred in defending this improper Counterclaim.

**SEVENTEENTH AFFIRMATIVE DEFENSE**
**(Statute of Limitations)**

37. To the extent the Counterclaim seeks damages for periods not covered by the vacated judgment (which is not clear from the Counterclaim), such claims may be barred by applicable statutes of limitations, including California Code of Civil Procedure sections 337 and 339.

**EIGHTEENTH AFFIRMATIVE DEFENSE**
**(Offset -- FDCPA Damages)**

38. Sinclair is entitled to offset any alleged debt (which is denied) by his damages under the Fair Debt Collection Practices Act, including:

a. Statutory damages of up to $1,000 per violation (15 U.S.C. § 1692k(a)(2)(A));

b. Actual damages for emotional distress, credit damage, and lost housing opportunities (15 U.S.C. § 1692k(a)(1));

c. Mandatory attorney's fees and costs (15 U.S.C. § 1692k(a)(3)); and

d. Enhanced fees for bad faith conduct.

These damages substantially exceed any amount claimed in the Counterclaim.

**NINETEENTH AFFIRMATIVE DEFENSE**
**(Offset -- California Consumer Protection Damages)**

39. Sinclair is entitled to offset any alleged debt by his damages under California consumer protection statutes, including:

a. Civil Code § 1950.5 (security deposit violations): $5,700.00 statutory

damages;

b. Civil Code § 1942.4 (retaliatory eviction): statutory and actual damages;

c. Civil Code § 1788 et seq. (Rosenthal Act): statutory and actual damages;

d. Business && Professions Code § 17200 (UCL): restitution and injunctive relief; and

e. Other applicable consumer protection statutes.

**TWENTIETH AFFIRMATIVE DEFENSE**
**(Fraudulent Misrepresentation)**

40. The Counterclaim is based on fraudulent misrepresentations because Counterclaimants:

a. Falsely represent that Sinclair owes a debt;

b. Falsely represent the amount and character of the alleged debt;

c. Conceal the fact that the debt was legally extinguished by court order;

d. Knew or should have known these representations were false; and

e. Made these misrepresentations to induce payment or settlement.

These misrepresentations bar recovery on the Counterclaim and subject Counterclaimants to liability for fraud.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**
**(Violation of California Unfair Competition Law)**

41.The Counterclaim and the conduct underlying it constitute unfair, unlawful, and

fraudulent business practices under California Business && Professions Code section 17200 et seq. because Counterclaimants:

a. Attempt to collect legally void debt;

b. Violate the Fair Debt Collection Practices Act;

c. Violate California Civil Code sections 1941, 1942, 1950.5, and 1788;

d. Engage in fraudulent misrepresentation; and

e. Commit other unlawful and unfair business practices.

These violations bar recovery on the Counterclaim and entitle Sinclair to restitution and injunctive relief.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**
**(Declaratory Relief)**

42. Sinclair is entitled to declaratory relief pursuant to 28 U.S.C. § 2201 declaring that:

a. The vacation of the judgment on April 26, 2024 extinguished any debt arising from the Lease Contract;

b. Sinclair owes no money to Counterclaimants;

c. Counterclaimants' collection efforts violate the Fair Debt Collection Practices Act;

d. Counterclaimants must cease all collection efforts; and

e. Counterclaimants must delete all adverse credit reporting.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**
**(Failure to State Amount with Specificity)**

43. The Counterclaim fails to adequately plead the amount allegedly owed with sufficient specificity, including:

a. What time period the alleged debt covers;

b. What months of rent are claimed;

c. How the amount was calculated;

d. Whether it includes fees, costs, or other charges;

e. How it relates to or differs from the vacated judgment; and

f. What credits or offsets have been applied.

This lack of specificity renders the Counterclaim subject to dismissal under Federal Rule of Civil Procedure 8(a).

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**
**(Insufficiency of Evidence)**

44. Counterclaimants cannot prove the Counterclaim by admissible evidence because:

a. The vacated judgment cannot be used as evidence of the debt;

b. Any evidence of rent arrearages is offset by evidence of habitability breaches;

c. Counterclaimants lack documentation supporting their calculation;

d. Counterclaimants' records are contradicted by the vacation order; and

e. Counterclaimants cannot overcome the presumption that the vacation extinguished the debt.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**
**(Other Defenses)**

45. Counter-Defendant reserves the right to assert additional affirmative defenses as may be revealed through discovery, including defenses based on facts not presently known to Counter-Defendant.

## IV. PRAYER FOR RELIEF

46. WHEREFORE, Counter-Defendant PAUL SINCLAIR respectfully requests that this Court:

1. Dismiss Counterclaimants' Counterclaim with prejudice;

2. Enter judgment in favor of Sinclair and against Counterclaimants on the Counterclaim;

3. Award Sinclair his costs and attorney's fees incurred in defending the Counterclaim pursuant to 15 U.S.C. § 1692k(a)(3), California Civil Code sections 1950.5(l) and 1942.4(b), and other applicable statutes;

4. Award Sinclair enhanced attorney's fees based on Counterclaimants' bad faith filing of a counterclaim seeking legally void debt;

5. Award Sinclair sanctions against Counterclaimants pursuant to Federal Rule of Civil Procedure 11 for filing a legally and factually baseless counterclaim;

6. Enter declaratory judgment that:

a. Sinclair owes no money to Counterclaimants;

b. The vacation of the judgment extinguished any alleged debt;

c. Counterclaimants must cease all collection efforts;

d. Counterclaimants must delete all adverse credit reporting; and

e. Counterclaimants' conduct violates the Fair Debt Collection Practices Act;

7. Award Sinclair such other and further relief as the Court deems just and proper.

DATED: November 10, 2025

Respectfully submitted,

Jonathan Winters, Esq.
Attorney for Plaintiff and Counter-Defendant
PAUL SINCLAIR
Law Office Jonathan D. Winters,
2750 Bellflower Blvd., Suite 101,
Long Beach, CA, 90815
562-497-0472
Jwinters@Jwinterslaw.com
State Bar Number 213700

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California; I am over the age of 18 and not a party to the within action; my business address is 2750 Bellflower Boulevard, Suite 101, Long Beach, California 90815.

On 11/10, 2025, I served the foregoing document(s) described as: **Plaintiffs ANSWER TO COUNTERCLAIM AND MOTION FOR LEAVE TO FILE ANSWER** was served on interested parties in this action addressed as follows by placing a true copy thereof, enclosed in a sealed envelope, and addressed to:

EVERETT DOREY LLP Seymour B. Everett, III, SBN 223441 severett@everettdorey.com Samantha E. Dorey, SBN 281006 sdorey@everettdorey.com Jesse M. Maxwell, SBN 316645 jmaxwell@everettdorey.com 2030 Main Street, Suite 1200 Irvine, California 92614 Phone: 949-771-9233 Fax: 949-377-3110 Attorneys for Defendants CSCDA COMMUNITY IMPROVEMENT AUTHORITY and OCEANAIRE APARTMENTS

Madeline J. Suchard (SBN 328662) Karl Neumann (admitted pro hac vice) Attorneys for Defendant GREYSTAR REAL ESTATE PARTNERS, LLC
**Maddie Suchard**
**Associate Attorney | Cozen O'Connor**
401 Wilshire Blvd, Suite 850| Santa Monica, CA 90401
P: 213-892-7948

David J. Kaminski Michael P. Lavigne Attorneys for Defendant COLUMBIA DEBT RECOVERY, LLC
Address: Carlson & Messer LLP, 5901 W Century Blvd, Ste 1200, Los Angeles, CA 90045-5445
Phone: 310-242-2200 | Fax: 310-242-2222

[] **BY MAIL (CCP §1013(a)&(b)):** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one date after date of deposit for mailing the affidavit.

[ ] **BY PERSONAL DELIVERY SERVICE:** I caused the above-mentioned documents(s) to be delivered by personal delivery carrier with delivery fees provided for, to be sent to the interested parties on the attached service list, for delivery on the next business day

[x ] **BY ELECTRONIC SERVICE:** I transmitted a PDF version of this document(s) by electronic mail to the addressee(s) identified above using email address(es) indicated.

[X] **STATE** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: 11/10, 2025 [signature]