**JONATHAN D. WINTERS, State Bar No. 213700**
**Law Office of Jonathan D. Winters**
2750 Bellflower Blvd., Suite 101
Long Beach, California 90815
Phone: (562) 497-0472
Fax: (562) 497-0474

**Attorney for Plaintiff Paul Sinclair**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **PAUL SINCLAIR**<br><br>Plaintiff,<br><br>vs.<br><br>**CSCDA COMMUNITY IMPROVEMENT AUTHORITY; GREYSTAR REAL ESTATE PARTNERS, LLC; OCEANAIRE APARTMENTS; COLUMBIA DEBT RECOVERY LLC dba GENESIS. and DOES 1 through 50, inclusive,**<br><br>Defendant(s). | **Case No.: 2:25-cv-08116-GW-MBK**<br><br>**PLAINTIFF // COUNTER-DEFENDANT PAUL SINCLAIR'S FIRST AMENDED ANSWER TO COUNTERCLAIM OF CSCDA COMMUNITY IMPROVEMENT AUTHORITY AND GREYSTAR REAL ESTATE PARTNERS, LLC; AFFIRMATIVE DEFENSES** |

Plaintiff and Counter-Defendant PAUL SINCLAIR ("Sinclair"), by and through his attorney of record, Jonathan D. Winters, Esq., hereby answers the Counterclaim filed by Defendants // Counterclaimants CSCDA COMMUNITY IMPROVEMENT AUTHORITY and GREYSTAR REAL ESTATE PARTNERS, LLC (collectively, "Counterclaimants") as follows:

## I. GENERAL DENIAL

1. Pursuant to Federal Rule of Civil Procedure 8(b), Sinclair denies each and every allegation contained in the Counterclaim, except those allegations expressly admitted herein. Any allegation not specifically admitted is hereby denied.

## II. SPECIFIC RESPONSES TO COUNTERCLAIM ALLEGATIONS

### JURISDICTION AND VENUE

2. Answering Paragraph 1 of the Counterclaim, Sinclair admits that the Counterclaim purports to assert state-law claims arising out of the same nucleus of operative fact as Sinclair's claims in this action and that the Court may exercise supplemental jurisdiction under 28 U.S.C. § 1367. Sinclair denies that Counterclaimants have stated any valid claim upon which relief can be granted, and denies that any amount is owed.

3. Answering Paragraph 2 of the Counterclaim, this paragraph contains primarily legal conclusions to which no response is required. To the extent a response is required, Sinclair admits that this action was removed from Los Angeles Superior Court and denies all remaining allegations.

### PARTIES

4. Answering Paragraph 4 of the Counterclaim, Sinclair admits that CSCDA is a California public agency and admits that CSCDA owns or owned the property at

150 W. Ocean Boulevard, Long Beach, California. Sinclair is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 4 and therefore denies them.

5. Answering Paragraph 5 of the Counterclaim, Sinclair admits he is an individual who resided at the property known as Oceanaire Apartments from approximately April 2023 through approximately September 2023. Sinclair denies the remaining allegations.

**GENERAL ALLEGATIONS**

6. Answering Paragraph 6 of the Counterclaim, Sinclair admits he entered into a Lease Contract dated April 19, 2023 with CSCDA for a unit at the property. Sinclair denies the remaining allegations in this paragraph.

7. Answering Paragraph 7 of the Counterclaim, Sinclair admits the monthly rent stated in the Lease Contract was $3,600 per month. Sinclair denies that such rent was fully due and owing because Counterclaimants materially breached the Lease Contract and the implied warranty of habitability, substantially impairing the fair rental value of the premises and excusing or reducing Sinclair's performance. Sinclair further denies any obligation to pay the full contract rent in light of the parties' subsequent unlawful detainer stipulation and resulting vacation of the unlawful detainer judgment, as alleged below.

8. Answering Paragraph 8 of the Counterclaim, Sinclair denies the allegations in their entirety. Any nonpayment or withholding of rent by Sinclair was legally justified by Counterclaimants' material breaches of the Lease Contract, breaches of the implied warranty of habitability, violations of California law, and by the parties' subsequent stipulation and settlement arrangements in the unlawful detainer action.

9. Answering Paragraph 9 of the Counterclaim, Sinclair denies the allegations in their entirety. Sinclair specifically denies owing any amount to Counterclaimants.

10. On or about March 18, 2024, a stipulated judgment was entered in Los Angeles Superior Court Case No. 23STUD06726 in connection with a prior unlawful detainer action involving the tenancy at issue. As part of that stipulated judgment, Sinclair agreed to vacate the premises by a date certain and surrender possession, and CSCDA agreed that if Sinclair timely vacated, CSCDA would cause the judgment to be set aside and vacated. Sinclair performed his obligations by vacating the premises. On April 26, 2024, the Los Angeles Superior Court vacated the stipulated judgment pursuant to the parties' agreement.

11. Answering Paragraph 10 of the Counterclaim, Sinclair denies the allegations in their entirety. At all relevant times, Counterclaimants materially breached the Lease Contract and failed to comply with applicable provisions of California law,

including, without limitation, Civil Code sections 1941, 1941.1, 1942, and 1950.5. In addition, by entering into, performing, and obtaining the vacatur of the stipulated judgment in Case No. 23STUD06726 without expressly reserving the right to pursue separate rent claims, CSCDA and Greystar settled, compromised, waived, and/or are equitably estopped from asserting the rent claims now alleged in the Counterclaim.

**FIRST CAUSE OF ACTION: BREACH OF CONTRACT**

12. Answering Paragraph 11 of the Counterclaim, Sinclair incorporates by reference his responses to Paragraphs 1–11 above as though fully set forth herein.

13. Answering Paragraph 12 of the Counterclaim, Sinclair admits that he and CSCDA were parties to the Lease Contract dated April 19, 2023. Sinclair denies the remaining allegations.

14. Answering Paragraph 13 of the Counterclaim, Sinclair denies the allegations in their entirety. Counterclaimants materially breached the Lease Contract by, among other things:

a. Failing to maintain the premises in a habitable condition;

b. Failing to make necessary repairs despite notice;

c. Breaching the implied warranty of habitability;

d. Breaching the covenant of quiet enjoyment;

e. Engaging in retaliatory conduct;

f. Failing to return Sinclair's security deposit as required by law;

g. Turning Sinclair over to debt collection agencies despite substantial disputes, offsets, and the parties' prior stipulation and vacatur of judgment; and

h. Other violations of the Lease Contract and applicable law.

15. Answering Paragraph 14 of the Counterclaim, Sinclair denies the allegations in their entirety. Sinclair did not breach the Lease Contract. To the extent Sinclair withheld or reduced rent payments, such conduct was legally justified and excused by Counterclaimants' material breaches and violations of law, and by the parties' subsequent stipulation and vacatur of the unlawful detainer judgment, which Sinclair reasonably understood as resolving or compromising the alleged rent obligations now asserted.

16. Answering Paragraph 15 of the Counterclaim, Sinclair denies the allegations in their entirety. Counterclaimants have not suffered any damages as a result of Sinclair's conduct. Any alleged damages were caused by Counterclaimants' own breaches of contract, breaches of warranty, and violations of law. Any alleged "damages" are further offset and/or barred by the parties' unlawful detainer stipulation, by rent abatements due to habitability defects, by statutory penalties and offsets (including security deposit penalties), and by Counterclaimants' own

conduct. Sinclair denies that Counterclaimants are entitled to attorney's fees.

**PRAYER FOR RELIEF ON COUNTERCLAIM**

17. Answering Paragraphs 16–19 of the Counterclaim, these paragraphs contain only requests for relief to which no response is required. To the extent a response is required, Sinclair denies that Counterclaimants are entitled to any relief whatsoever. Sinclair affirmatively alleges that the Counterclaim should be dismissed with prejudice and that Sinclair should be awarded his costs and attorney's fees incurred in defending against the Counterclaim under applicable fee-shifting statutes and other law.

**III. AFFIRMATIVE DEFENSES**

18. Counter-Defendant asserts the following affirmative defenses to Counterclaimants' Counterclaim. Counter-Defendant reserves the right to assert additional affirmative defenses as discovery progresses and as may be revealed by further investigation.

**FIRST AFFIRMATIVE DEFENSE**

(Settlement // Accord and Satisfaction // Waiver // Estoppel)

19. On or about March 18, 2024, a stipulated judgment was entered in Los Angeles Superior Court Case No. 23STUD06726 between Sinclair and CSCDA concerning the tenancy and rent obligations that are the subject of the Counterclaim. Under that stipulation, among other things:

a. Sinclair agreed to vacate the subject premises by April 17, 2024 and remove all personal property and persons covered by the stipulation;

b. CSCDA agreed that if Sinclair timely vacated, CSCDA would cause the judgment to be set aside and vacated; and

c. The parties contemplated that CSCDA's receipt of possession in exchange for vacatur of the judgment would resolve the parties' dispute arising out of the tenancy.

20. Sinclair fully performed his obligations under the stipulation by timely vacating the premises and surrendering possession. CSCDA obtained the benefit of its bargain—the return of the unit—without having to litigate the underlying habitability and rent issues. On April 26, 2024, the Los Angeles Superior Court vacated the stipulated judgment pursuant to the parties' agreement.

21. By entering into the stipulation, accepting Sinclair's performance, and obtaining the vacation of the judgment without expressly reserving the right to pursue separate monetary claims for the alleged rent at issue, CSCDA and Greystar:

a. Settled and/or compromised the rent claims now asserted in the Counterclaim;

b. Achieved an accord and satisfaction through Sinclair's performance and surrender of possession;

c. Waived any right to pursue the same rent claims in a new action; and/or

d. Are equitably estopped from asserting those claims, having induced Sinclair to vacate in reliance on the stipulation and vacatur.

22. The Counterclaim is therefore barred, in whole or in part, by the doctrines of settlement, accord and satisfaction, waiver, and equitable estoppel.

**SECOND AFFIRMATIVE DEFENSE**

(Failure to State a Claim)

23. The Counterclaim fails to state a claim upon which relief can be granted. Among other deficiencies, the Counterclaim ignores Counterclaimants' own prior settlement conduct in the unlawful detainer action, fails to account for habitability-based rent abatements and offsets, and seeks to collect amounts that have been compromised, waived, estopped, and/or extinguished by operation of law and agreement. See Fed. R. Civ. P. 12(b)(6).

**THIRD AFFIRMATIVE DEFENSE**

(Breach of Implied Warranty of Habitability)

24. During Sinclair's tenancy, the premises suffered from substantial defects affecting habitability, including but not limited to:

a. Plumbing defects and water damage;

b. Inadequate heating and/or cooling;

c. Electrical hazards;

d. Pest infestation;

e. Mold and moisture intrusion;

f. Inadequate security; and

g. Other conditions rendering the premises uninhabitable.

25. Counterclaimants breached the implied warranty of habitability under California Civil Code sections 1941 and 1941.1. These breaches excused Sinclair's obligation to pay the full contract rent and entitled him to significant rent abatement. See Green v. Superior Court, 10 Cal. 3d 616 (1974); Hinson v. Delis, 26 Cal. App. 3d 62 (1972). Any rent allegedly owed must be reduced, in whole or in part, by the diminished rental value of the uninhabitable premises.

**FOURTH AFFIRMATIVE DEFENSE**

(Breach of Contract by Counterclaimants)

26. Counterclaimants materially breached the Lease Contract by, among other things:

a. Failing to maintain the premises in a habitable condition;

b. Failing to make necessary repairs after receiving notice;

c. Failing to provide essential services required by the lease;

d. Interfering with Sinclair's quiet enjoyment of the premises;

e. Engaging in unlawful and unfair collection practices; and

f. Other material breaches of the Lease Contract.

27. These breaches excused Sinclair's performance under the Lease Contract and preclude recovery on the Counterclaim. See Cal. Civ. Code § 1511.

**FIFTH AFFIRMATIVE DEFENSE**

(Breach of Covenant of Quiet Enjoyment)

28. Counterclaimants breached the implied covenant of quiet enjoyment by:

a. Failing to address serious habitability defects;

b. Interfering with Sinclair's use and enjoyment of the premises;

c. Engaging in harassing collection practices;

d. Reporting false or misleading information to credit agencies;

e. Pursuing unlawful eviction proceedings; and

f. Other conduct that substantially interfered with Sinclair's tenancy.

29. This breach excuses Sinclair's obligation to pay rent to the extent of the impairment, and provides a complete or partial defense to the Counterclaim. See Andrews v. Mobile Aire Estates, 125 Cal. App. 4th 578 (2005).

**SIXTH AFFIRMATIVE DEFENSE**

(Setoff —— Security Deposit)

30. Counterclaimants unlawfully withheld Sinclair's security deposit in the amount of $2,850.00 in violation of California Civil Code section 1950.5. Sinclair is

entitled to offset any alleged rent obligation by the amount of the wrongfully withheld security deposit, plus statutory damages of twice the security deposit amount ($5,700.00) under Civil Code section 1950.5(l). The total offset amount of $8,550.00 substantially reduces or eliminates any alleged debt.

**SEVENTH AFFIRMATIVE DEFENSE**

(Setoff —— Damages for Counterclaimants' Breaches)

31. Sinclair suffered substantial damages as a result of Counterclaimants' breaches of the Lease Contract, breaches of warranty, and violations of law, including but not limited to:

a. Reduced rental value due to uninhabitable conditions;

b. Damage to personal property;

c. Costs to obtain substitute housing;

d. Emotional distress;

e. Damage to credit rating;

f. Lost housing opportunities;

g. Costs and attorney's fees defending unlawful collection practices; and

h. Other consequential damages.

32. These damages provide a complete or partial offset to any amount claimed in the Counterclaim.

**EIGHTH AFFIRMATIVE DEFENSE**

(Retaliatory Conduct)

33. Counterclaimants' pursuit of unpaid rent claims and eviction proceedings constituted unlawful retaliation under California Civil Code section 1942.5 and other law because Sinclair:

a. Complained about uninhabitable conditions;

b. Requested necessary repairs;

c. Exercised his rights under the warranty of habitability;

d. Contacted or considered contacting local housing authorities; and

e. Asserted his legal rights as a tenant.

34. The Counterclaim is barred, in whole or in part, by the prohibition on retaliatory conduct, including retaliatory attempts to collect alleged rent arrearages that were excused or reduced by habitability breaches.

**NINTH AFFIRMATIVE DEFENSE**

(Violation of Fair Debt Collection Practices Act // Rosenthal Act)

35. The Counterclaim constitutes an attempt to collect a debt that Counterclaimants know or should know is disputed, compromised, offset, and/or not owed as claimed, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., and the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 et seq. Specifically, among other things:

a. The Counterclaim seeks to collect amounts that were resolved and/or compromised by the parties' unlawful detainer stipulation and resulting vacation of the judgment (15 U.S.C. § 1692e(2)(A));

b. The Counterclaim falsely represents the character, amount, and legal status of the alleged debt by ignoring rent abatement, offsets, and prior settlement conduct (15 U.S.C. § 1692e(2)(A), (8));

c. The Counterclaim threatens and pursues legal action that cannot legally be taken as pled (15 U.S.C. § 1692e(5));

d. The Counterclaim constitutes unfair or unconscionable collection means (15 U.S.C. § 1692f); and

e. The Counterclaim violates multiple provisions of the FDCPA and Rosenthal Act.

36. These violations provide a complete or partial defense to the Counterclaim and entitle Sinclair to statutory damages, actual damages, and mandatory attorney's fees and costs.

**TENTH AFFIRMATIVE DEFENSE**

(Estoppel)

37. Counterclaimants are estopped from asserting the Counterclaim, in whole or in part, because:

a. Counterclaimants stipulated to a judgment in state court in Case No.

23STUD06726;

b. Counterclaimants agreed that if Sinclair timely vacated, they would cause that judgment to be vacated;

c. Counterclaimants obtained the vacation of that judgment after Sinclair fully performed;

d. Counterclaimants' stipulation and conduct reasonably led Sinclair to believe that the rent dispute had been resolved and that CSCDA would not later pursue a separate rent action; and

e. Sinclair detrimentally relied on the stipulation and vacation of the judgment by vacating and surrendering possession.

38. Having entered into, performed, and benefitted from the stipulation and vacatur, Counterclaimants cannot now seek to relitigate or resurrect the rent claims in the manner alleged.

**ELEVENTH AFFIRMATIVE DEFENSE**

(Waiver)

39. Counterclaimants waived any right to collect the alleged debt by:

a. Entering into the stipulation in the unlawful detainer action;

b. Obtaining the vacation of the stipulated judgment after Sinclair's performance;

c. Failing to expressly reserve the right to pursue separate rent claims despite the opportunity to do so; and

d. Engaging in other conduct inconsistent with an intent to pursue the alleged rent obligations in a separate action.

**TWELFTH AFFIRMATIVE DEFENSE**

(Unclean Hands)

40. Counterclaimants come to this Court with unclean hands because they:

a. Maintained the premises in an uninhabitable condition;

b. Failed to make necessary repairs despite notice;

c. Unlawfully withheld Sinclair's security deposit;

d. Reported false or misleading information to credit agencies;

e. Engaged in unlawful debt collection practices;

f. Ignored the parties' prior stipulation and settlement conduct; and

g. Filed the Counterclaim to collect disputed and compromised amounts.

41. The doctrine of unclean hands bars or limits Counterclaimants' recovery.

**THIRTEENTH AFFIRMATIVE DEFENSE**

(Failure to Mitigate Damages)

42. To the extent Counterclaimants suffered any damages (which is denied), they failed to mitigate such damages by:

a. Failing to re-rent the premises promptly;

b. Failing to apply the security deposit to any legitimate rent arrearages;

c. Pursuing collection on disputed and compromised amounts rather than seeking lawful, reasonable remedies; and

d. Other failures to minimize damages.

**FOURTEENTH AFFIRMATIVE DEFENSE**

(No Damages)

43. Counterclaimants have suffered no legally cognizable damages as a result of Sinclair's conduct. Any alleged loss of rent was caused by Counterclaimants' own breaches of the Lease Contract, habitability failures, and violations of law. Moreover, Counterclaimants retained Sinclair's $2,850.00 security deposit, which should have been applied to any legitimate rent arrearages, further eliminating or reducing any claimed damages.

**FIFTEENTH AFFIRMATIVE DEFENSE**

(Reservation of Right to Seek Sanctions)

44. To the extent permitted by law, Sinclair alleges that the Counterclaim is legally and factually deficient and appears to have been brought without proper consideration of the parties' prior stipulation, settlement conduct, and statutory defenses. Sinclair expressly reserves the right to seek appropriate sanctions, including under Federal Rule of Civil Procedure 11, should further investigation and discovery demonstrate that the Counterclaim was presented for an improper

purpose or without evidentiary support. This reservation does not constitute a separate ground for avoiding liability but preserves Sinclair's rights as to sanctions and fees.

**SIXTEENTH AFFIRMATIVE DEFENSE**

(Statute of Limitations)

45. To the extent the Counterclaim seeks damages for periods not covered by the unlawful detainer action or for time periods outside the applicable limitations period, such claims may be barred by applicable statutes of limitations, including, without limitation, California Code of Civil Procedure sections 337 and 339.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

(Offset —— FDCPA // Rosenthal Damages)

46. Sinclair is entitled to offset any alleged debt (which is denied) by his damages under the FDCPA and Rosenthal Act, including:

a. Statutory damages;

b. Actual damages for emotional distress, credit damage, and lost housing opportunities; and

c. Mandatory attorney's fees and costs.

47. These damages substantially reduce or exceed any amount claimed in the Counterclaim.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

(Offset —— California Consumer Protection Damages)

48. Sinclair is entitled to offset any alleged debt by his damages under California consumer protection statutes, including but not limited to:

a. Civil Code § 1950.5 (security deposit violations);

b. Civil Code § 1942.4 and § 1942.5 (retaliatory conduct and related tenant protections);

c. Civil Code § 1788 et seq. (Rosenthal Act);

d. Business && Professions Code § 17200 et seq. (UCL); and

e. Other applicable statutes.

**NINETEENTH AFFIRMATIVE DEFENSE**

(Fraudulent Misrepresentation)

49. The Counterclaim is based on fraudulent or misleading representations because Counterclaimants:

a. Falsely represent that Sinclair owes the alleged debt in the amount and manner claimed;

b. Falsely represent the character and legal status of the alleged debt by ignoring prior settlement conduct, stipulation, and vacatur;

c. Conceal the fact and effect of the parties' stipulation and the vacation of the

unlawful detainer judgment, which Sinclair reasonably understood as resolving or compromising the rent claims; and

d. Knew or should have known that these representations were incomplete and misleading.

50. These misrepresentations bar recovery on the Counterclaim and subject Counterclaimants to liability for fraud and unfair practices.

**TWENTIETH AFFIRMATIVE DEFENSE**

(Violation of California Unfair Competition Law)

51. The Counterclaim and the conduct underlying it constitute unfair, unlawful, and fraudulent business practices under California Business && Professions Code section 17200 et seq. because Counterclaimants:

a. Attempt to collect disputed and compromised amounts;

b. Violate the FDCPA and Rosenthal Act;

c. Violate California Civil Code sections 1941, 1942, 1950.5, and 1788;

d. Engage in fraudulent and misleading representations regarding the alleged debt; and

e. Commit other unlawful and unfair business practices.

/
/
/
/

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

(Declaratory Relief)

52. Sinclair is entitled to declaratory relief pursuant to 28 U.S.C. § 2201 declaring that:

a. In light of the parties' stipulation, Sinclair's performance, and the vacation of the unlawful detainer judgment, Sinclair does not owe the amounts alleged in the Counterclaim;

b. Counterclaimants' rent claim is barred, reduced, and/or fully offset by habitability-based abatements, security deposit penalties, and statutory damages; and

c. Counterclaimants must cease further efforts to collect the alleged debt in the manner asserted.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

(Failure to Plead Amount with Specificity)

53. The Counterclaim fails to adequately plead the amount allegedly owed with sufficient specificity, including:

a. What time period the alleged debt covers;

b. What months of rent are claimed;

c. How the amount was calculated;

d. Whether it includes fees, costs, or other charges;

e. How it relates to or differs from any amounts involved in the unlawful detainer action; and

f. What credits or offsets have been applied.

54. This lack of specificity renders the Counterclaim deficient under Federal Rule of Civil Procedure 8(a).

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

(Insufficiency of Evidence)

55. Counterclaimants cannot prove the Counterclaim by admissible evidence because, among other things:

a. They cannot rely on the vacated unlawful detainer judgment as evidence of the alleged debt;

b. Any evidence of rent arrearages is substantially offset by evidence of habitability breaches and other violations;

c. Counterclaimants lack adequate documentation supporting their calculation of the alleged amount; and

d. Counterclaimants cannot overcome the substantial offsets and defenses asserted herein.

/
/

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

(Other Defenses Reserved)

56. Counter-Defendant reserves the right to assert additional affirmative defenses as may be revealed through discovery, including defenses based on facts not presently known to Counter-Defendant.

**IV. PRAYER FOR RELIEF ON COUNTERCLAIM**

WHEREFORE, Counter-Defendant PAUL SINCLAIR respectfully requests that this Court:

1. Dismiss Counterclaimants' Counterclaim with prejudice;

2. Enter judgment in favor of Sinclair and against Counterclaimants on the Counterclaim;

3. Award Sinclair his costs and attorney's fees incurred in defending the Counterclaim pursuant to 15 U.S.C. § 1692k(a)(3), California Civil Code sections 1950.5(l), 1942.4, 1942.5, and other applicable statutes and laws;

4. Enter appropriate declaratory relief consistent with the defenses alleged herein; and

5. Award Sinclair such other and further relief as the Court deems just and proper.

DATED: 11/24, 2025

Respectfully submitted,

JONATHAN D. WINTERS, ESQ.
Attorney for Plaintiff and Counter-Defendant
PAUL SINCLAIR
LAW OFFICE OF JONATHAN D. WINTERS
2750 Bellflower Blvd., Suite 101
Long Beach, CA 90815
Phone: (562) 497-0472
Email: jwinters@jwinterslaw.com

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California; I am over the age of 18 and not a party to the within action; my business address is 2750 Bellflower Boulevard, Suite 101, Long Beach, California 90815.

On 11/24, 2025, I served the foregoing document(s) described as: **Plaintiffs 1st Amended Answer to CounterClaim filed by defendant** was served on interested parties in this action addressed as follows by placing a true copy thereof, enclosed in a sealed envelope, and addressed to:

EVERETT DOREY LLP Seymour B. Everett, III, SBN 223441 severett@everettdorey.com Samantha E. Dorey, SBN 281006 sdorey@everettdorey.com Jesse M. Maxwell, SBN 316645 jmaxwell@everettdorey.com 2030 Main Street, Suite 1200 Irvine, California 92614 Phone: 949-771-9233 Fax: 949-377-3110 Attorneys for Defendants CSCDA COMMUNITY IMPROVEMENT AUTHORITY and OCEANAIRE APARTMENTS

Madeline J. Suchard (SBN 328662) Karl Neumann (admitted pro hac vice) Attorneys for Defendant GREYSTAR REAL ESTATE PARTNERS, LLC
**Maddie Suchard**
**Associate Attorney | Cozen O'Connor**
401 Wilshire Blvd, Suite 850| Santa Monica, CA 90401
P: 213-892-7948

David J. Kaminski Michael P. Lavigne Attorneys for Defendant COLUMBIA DEBT RECOVERY, LLC
Address: Carlson & Messer LLP, 5901 W Century Blvd, Ste 1200, Los Angeles, CA 90045-5445
Phone: 310-242-2200 | Fax: 310-242-2222

[] **BY MAIL (CCP §1013(a)&(b)):** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one date after date of deposit for mailing the affidavit.

[ ] **BY PERSONAL DELIVERY SERVICE:** I caused the above-mentioned documents(s) to be delivered by personal delivery carrier with delivery fees provided for, to be sent to the interested parties on the attached service list, for delivery on the next business day

[x ] **BY ELECTRONIC SERVICE:** I transmitted a PDF version of this document(s) by electronic mail to the addressee(s) identified above using email address(es) indicated.

[X] **STATE** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: 11/24, 2025

/x/ Monika [signature]